WARNER, Judge.
This is an appeal from a declaratory statement pursuant to section 120.565, Florida Statutes (1989), rendered by the Division of Pari-Mutuel Wagering, regarding the payout of a trifecta pool. Appellant contends that the Division exceeded its authority and its ruling was clearly erroneous. We agree and reverse.
Appellant attended the races at Gulf-stream on January 23, 1989, and in the ninth race, a stakes race, placed two wheeled trifecta bets composed of a mutual field selection. A trifecta bet requires the better to pick the winner, second place, and third place finishes in the exact order. A wheeled trifecta bet allows the better to couple one horse in one place with every other race entry in the remaining places to insure that all combinations are covered. A “field” is defined in the Florida Administrative Code as follows:
When the total number of horses competing in a race exceeds the numbering capacity of the tote, the highest numbered horse within the capacity of the tote and all horses of a higher number shall be grouped together and called the “field” and a wager on one of them shall be a wager on all of them.
Fla.Admin.Code Rule 7E-6.007(27)(1987). In the ninth race on the day in question, there were thirteen horses, although the fifth horse was scratched.
Appellant purchased two wheeled trifec-ta tickets with the following combinations:
*798 Place Ticket A Ticket B
First 1-4, 6-11 1-4, 6-11
Second 12 1-4, 6-11
Third 1-4, 6-11 12
Because of the thirteen horses in the race, the bet on 12 comprised the field of horses 12 and 13. The totalisator machine which records the bets has only twelve positions. Therefore, the number 12 cannot appear twice on a ticket, and the number 13 does not appear at all.
Although Gulfstream allowed a field bet in this trifecta, Florida Administrative Code Rule 7E-6.017(8)(1987) in effect at the time of appellant’s bet stated, “Coupled entries in fields are prohibited in trifecta races.” Gulfstream contends that it allowed field betting despite the administrative rule on the authority of a memo dated February 3, 1987, from the division director Robert M. Rosenberg to all affected horse race permit holders. The memo stated that the rule was waived and expressly permitted trifec-ta wagering on any stakes or allowance race even when there were field entries. The Division of Pari-Mutuel wagering does not argue that the director had the authority to waive the rule, and we can find no such authority. It is conceded that this memorandum was neither a validly enacted rule or order of the commission. Nevertheless, presumably on the strength of this memo, Gulfstream allowed a field entry in this race.
The official order of finish of the race was first — 9; second — 13; third — 12; fourth — 6. Because Gulfstream determined that the field could not finish in both second and third place, Gulfstream paid out the trifecta pool tickets selecting the combination: first — 9; second — 12; and third — 6, which moved the fourth horse into the third place for trifecta payout because of the coupled entry in second place. The record indicates that this was the method used by all tracks under similar circumstances and used the same method of payout as was allowed in other types of bets such as quinellas and perfectas. Thus, appellant was paid on his ticket A but not on ticket B. Because Gulfstream failed to pay on Ticket B, Appellant filed suit in Broward County Circuit Court alleging conversion, fraud, civil theft, and violation of the Florida Administrative Code. Before it was served with the complaint, Gulfstream filed with the Division a petition for declaratory statement requesting a declaratory statement determining that the method of distribution which it used in paying out the net trifecta pool on this race was in conformity with the provisions of Chapter 7E and in particular with the provisions of Rule 7E-6.017. Appellee moved to dismiss the proceedings on various grounds, which motion the division denied. It rendered a declaratory statement which determined that Gulf-stream had correctly paid out the proceeds. It stated that, “within the realm of the division practice under Director Rosenberg it is unequivocable [sic] that Gulfstream did not err by conforming its conduct to the dictates of Rosenberg’s memorandum”, although it did not find that the memorandum was authorized. It then reasoned that but for the field entry authorized by the memo, both tickets A and B would have been losing tickets. Ticket A would have lost because second place was taken by horse 13 when ticket A had 12 in that place, and it had horses 1-4, 6-11 in third place when the finisher was 12. Likewise, ticket B would have been a loser because second place covered only horses 1-4, 6-11, when 13 was the second place finisher. Appellant’s contention, however, was that the purpose of the trifecta bet was to cover all of the combinations so that the 1-4, 6-11 combination actually covered all other horses. Based on the foregoing, the Division declared that the parimutuel pool had been properly paid, and that Gulfstream was not authorized to honor ticket B.
Section 120.565, Florida Statutes (1989), provides for agency determination of declaratory statements.
A declaratory statement shall set out the agency’s opinion as to the applicability of a specified statutory provision or of any rule or order of the agency as it applies to the petitioner in his particular set of circumstances only.
As Director Rosenberg’s memo is neither a statute, rule or order, to the extent the statement determines its application to this *799 case it cannot support the rendition of a declaratory statement. Furthermore, because Gulfstream violated rule 7E-6.017(8) by allowing field betting, we fail to see under what statute, rule or order the Division can determine that the pool was properly paid out when it violated the Division rules. By its own admission both tickets A and B would be losing tickets under the then existing rules. That being the case, it is clear that Gulfstream did not properly pay out the pool. There is simply no evidence or construction of the law which can support the honoring of ticket A if field entries are prohibited, as the rule provides. It seems clear that Gulfstream and the Division are improvising.[1]
Because the Division ignored its own rules, the declaratory statement is clearly erroneous. Gulfstream’s method of distribution could not have complied with the regulations because the method of betting on the race was specifically prohibited. We therefore reverse and remand for further proceedings consistent with this opinion.
DELL and POLEN, JJ., concur.

. We should note that this scenario will not be repeated, as 7E-6.017(8) was repealed. Rule 7E6-.065 now allows for field entries in trifecta races and provides for a method of payout in cases such as this.